SE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| RALPH ROBINSON,<br><br>                Plaintiff,<br><br>    -against-<br><br>MILTON ROBINSON,<br><br>                Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) **BREACH OF CONTRACT**<br>2) **UNJUST ENRICHMENT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Ralph Robinson ("Plaintiff"), complains and alleges against Defendant Milton Robinson ("Defendant") as follows:

### NATURE OF ACTION

1. This is an action by Plaintiff to recover money owed by Defendant under a Promissory Note (the "Note"). A true and correct copy of the Note is attached as Exhibit A to this Complaint. The principal amount due and owing to Plaintiff, exclusive of interest, fees, and costs, is $246,387.

### PARTIES

2. Plaintiff Ralph Robinson is a citizen of the State of Minnesota who resides in Hennepin County.

3. Defendant Milton Robinson is a citizen of the State of Oregon who resides in Marion County.

### JURISDICTION AND VENUE AND CHOICE OF LAW

4. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.

5. Venue is proper in the District of Minnesota under 28 U.S.C. § 1391 because Defendant

1

has agreed to the jurisdiction and venue of the Minnesota Federal District Court.

6. Section 9 of the Note states it "shall be governed by, interpreted and enforced under the laws of Minnesota without giving effect to its conflict of laws provisions."

7. Section 9 of the Note further states, "Any litigation between the parties shall be conducted exclusively in the state and federal courts of Hennepin County, Minnesota."

8. Section 9 of the Note further states, "Each party consents to the jurisdiction and venue of the courts described above."

## FACTUAL ALLEGATIONS

9. On or about March 23, 2020, Plaintiff (Lender) and Defendant (Borrower) entered into a contract—the Note—by which Defendant borrowed from Plaintiff the principal amount of $246,387, with interest at the Stated Rate of 3.00%, computed on the principal balance of the Note. The principal balance of the Note and all accrued interest were fully due and payable on the Maturity Date of March 30, 2022.

10. On or about March 23, 2020, Plaintiff wired the sum of $246,387 to Defendant pursuant to the terms of the Note.

11. Section 2 of the Note provides that Defendant shall pay the principal and interest in one balloon payment and that final and complete payment is due no later than March 30, 2022.

12. Section 6 of the Note provides that if Lender engages outside legal counsel to enforce the Note, Borrower shall pay all legal expenses incurred by Lender, irrespective of whether any other suit or proceedings has been or is filed or commenced. Section 6 further provides that such expenses, costs or charges will constitute additional indebtedness of Borrower to Lender, payable upon demand, accruing interest at the time of such expenditure at the rate provided in the Note of 3%.

13. Section 8 provides that Defendant waives presentment for payment, protest, notice of nonpayment and notice of dishonor.

14. Defendant failed to make the payment due and payable on March 30, 2022, as required by the Note.

15. Plaintiff has demanded Defendant make full payment of all amounts due and payable pursuant to the terms of the Note.

16. Defendant has failed and refused to make any payment on any amounts due and payable pursuant to the terms of the Note.

### FIRST CAUSE OF ACTION

**(Breach of Contract)**

17. Plaintiff incorporates all prior allegations as though fully set forth herein.

18. The Note is a contract between Plaintiff and Defendant because Plaintiff and Defendant negotiated and agreed to the terms of the Note.

19. Plaintiff fully performed under the Note by wiring the sum of $246,387 to Defendant on or about March 23, 2020.

20. Defendant breached its contractual obligations under the Note by failing to provide Plaintiff all amounts due and payable under the Note on or about March 30, 2022.

21. Defendant's breach of his contractual obligations has caused damages to Plaintiff in an amount exceeding $246,387, the exact amount to be proven at trial.

### SECOND CAUSE OF ACTION

**(Unjust Enrichment)**

22. Plaintiff incorporates all prior allegations as though fully set forth herein.

23. Plaintiff conferred a benefit on Defendant when Plaintiff wired $246,387 to Defendant on

or about March 23, 2020.

24. Defendant knowingly accepted and appreciated the benefit conferred upon him by Plaintiff when he accepted and made use of the $246,387.

25. Defendant would be unjustly enriched if he were allowed to accept and retain the $246,387 without paying for it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

A. That the Court enter judgment in favor of Plaintiff and against Defendant in all respects;

B. That the Court award damages to Plaintiff in the principal amount of $246,387, plus interest at the contractual rate of 3%;

C. That the Court award damages to Plaintiff comprised of all legal expenses Plaintiff has incurred to enforce the Note, including but not limited to Plaintiff's costs and attorney's fees incurred in this action as authorized by the Note;

D. Interest, costs and disbursements; and

E. Such further relief as this Court may deem just and equitable.

Dated: November 1, 2022

                                                Respectfully submitted,
HARRIS BRICKEN SLIWOSKI, LLP

_____
Jesse D. Mondry
MND 388831
OR Bar No. 192559
511 SE 11th Avenue, Suite 201
Portland, Oregon 97214
(503) 207-7313
jesse@harrisbricken.com
*Attorneys for Plaintiff Ralph Robinson*

4