# Exhibit A

# PROMISSORY NOTE

$246,387

Shorewood, Minnesota
March 23, 2020

For Value Received, Milton J. Robinson ("Borrower"}, promises to pay to the order of Ralph O. Robinson ("Lender"), at ███████████, Shorewood, Minnesota 55331, or at such other location as Lender may direct, in lawful money of the United States of America, the principal amount of **TWO HUNDRED FORTY SIX THOUSAND THREE HUNDRED AND EIGHTY SEVEN and no/100 DOLLARS, ($246,387)**, with interest at the Stated Rate, computed on the principal balance of this Promissory Note outstanding from time to time. The principal balance and all accrued interest are fully due and payable on the Maturity Date (as defined), unless sooner required under the terms hereof. This Note, of March 23, 2020, shall replace the Promissory Note of $230,000 as detailed in Exhibit "A" attached hereto and incorporated herein by this reference, which Note is hereby cancelled.

1. **Definitions.** The following terms have the following meanings wherever they are used in this Promissory Note:

    (a)    "Borrower" means Milton J. Robinson.

    (b)    "Lender" means the Lender named in the first paragraph and each subsequent holder or holders of this Promissory Note, and their respective heirs, personal representatives, successors and assigns.

    (c)    "Loan" means all the amounts advanced hereunder plus all interest, charges and fees due to Lender hereunder.

    (d)    "Maturity Date" means March 30, 2022

    (e)    "Slated Rate" means 3.00%

2. **Payments.**  Principal and interest at the Slated Rate shall be paid in one balloon payment in the amount of $246,387 along with interest between Inception Date and the payment date. Final and complete payment is due no later than March 30, 2022.

3. **Application of Payments.** All payments and prepayments shall be applied first to any costs of collection, second to accrued interest on this Promissory Note, and third to Principal.

4. **Prepayment.** This Promissory Note may be prepaid in full or in any part at any time without premium or penalty. Prepayments shall apply to Borrower's indebtedness last incurred.

5. **Defaults.** If Borrower fails to pay any sum to Lender as and when the same becomes due,

or breaches any provision contained herein or in any Loan Document, then Lender shall have, besides any and all other rights, remedies and recourse available to Lender, the right and option to declare the unpaid principal balance and accrued interest on this Promissory Note immediately due and payable without notice, demand or presentment for payment to Borrower or others, and to foreclose all liens and security interests securing the payment of the same and to invoke all rights, remedies and recourse relating thereto. The remedies of Lender may be pursued singly, successively or together at the sole discretion of Lender and may be exercised as often as occasion arises. No act of omission or commission of Lender, including any failure to exercise any right, remedy or recourse shall be deemed a waiver or release of same, such waiver or releases to be effective only as set forth in a written document executed by Lender and then only to the extend specifically recited. A waiver or release, for one event or occurrence, any subsequent right, remedy shall not be construed as continuing as a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to any subsequent event or occurrence.

6. **Lender's Costs.** If Lender engages outside legal counsel for advice to Lender regarding Lender's rights and remedies under, or enforcement of, this Promissory Note, Borrower shall pay all legal expenses incurred by Lender, irrespective of whether any suit or other proceedings has been or is filed or commenced. Any such expenses, costs or charges will constitute additional indebtedness of Borrower to Lender, payable upon demand, accruing interest at the time of such expenditure by Lender at the rate provided herein.

7. **Interest Limitation.** All agreements between Borrower and Lender are limited so that in no contingency or event (whether by acceleration or maturity of the indebtedness evidenced by this Promissory Note or otherwise) shall the amount paid or agreed to be paid to Lender for the Loan exceed the maximum permissible under applicable law. If, from any circumstances, fulfillment of any provisions of this Promissory Note or other Loan Documents shall cause the interest to be paid to exceed the maximum permitted under applicable law, then the obligation to be fulfilled shall automatically be reduced to an amount that complies with applicable law. If, from any circumstances, Lender should ever receive as interest an amount that would exceed the highest lawful rate of interest, such amount over such lawful rate shall apply to the reduction of the principal balance of this Promissory Note and not to the payment of interest.

8. **Waivers.** Borrower waives presentment for payment, protest, notice of nonpayment and notice of dishonor.

9. **Governing Law, Jurisdiction and Venue.** This Promissory Note shall be governed by, interpreted and enforced under the laws of Minnesota, without

giving effect to its conflict of laws provisions. Any litigation between the parties shall be conducted exclusively in the state and federal courts of Hennepin County, Minnesota, and any arbitration or similar proceeding shall be conducted exclusively at a location within such county and state. Each party consents to the jurisdiction and venue of the courts described above.

Borrower:

Milton J. Robinson

## EXHIBIT A

History of Promissory Note for $230,000 between ROR & MJR

11/13/17      $380,000 - Promissory Note executed at 3%, due 12/31/17.

This amount included (and replaced) two Promissory Notes (9/11/17 for $150,000 and 10/11/17 for $75,000) and included three other incidental advances (10/26/17 for $35,000, 10/27/17 for $90,000 and 11/10/17 for $30,000),

On June 20, 2019 the Note of $380,000 was reduced by $150,000 which was transferred into a Mortgage and Note in the amount of $ 243,119.00, secured by 650 Walnut Street in Highland Park, Illinois leaving a balance of $230,000 on the Promissory Note of 11/13/17.

The difference between the $!50,000 and the $ 243,119 was comprised of Miscellaneous Advances of $85,000 and interest accrued on the original $150,000.

On March 23rd the Promissory Note of $230,000 was replaced by this new Promissory Note in the amount of $246,387 representing the balance of $230,000 together with accrued interest thereon.